**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FERNANDO RUIZ SALAZAR, | ) Case No. CV 15-6786-MWF (JPR) |
| Petitioner, | ) |
| | ) ORDER TO SHOW CAUSE |
| vs. | ) |
| | ) |
| LOS ANGELES SUPERIOR COURT, | ) |
| | ) |
| Respondent. | ) |

On September 2, 2015, Petitioner filed a Petition for Writ of Error Coram Nobis, challenging his 1999 convictions by guilty plea in Los Angeles County Superior Court for making criminal threats and carrying a loaded weapon. (Pet. at 2.) He claims his attorney did not advise him of the possible immigration consequences of his convictions and that because he spoke very little English in 1999 and was not afforded an interpreter during his guilty plea, he did not understand any advisements the court gave him. (Id. at 2-4.) He concedes that relief under 28 U.S.C. § 2254 is not available because he is no longer in custody on the convictions he seeks to challenge. (Pet. at 6; see also id. at 4 (noting that in 1999 he was given a two-year suspended sentence

and placed on three years probation)); see Maleng v. Cook, 490 U.S. 488, 490-91 (1989) (per curiam) (interpreting § 2254(a) "as requiring that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed").[1]

Unfortunately for Petitioner, coram nobis relief also appears not to be available to him, because any such relief can be sought only in the court of conviction – here, the superior court. See Hensley v. Municipal Ct., 453 F.2d 1252, 1252 n.2 (9th Cir. 1972) (per curiam) (holding that habeas petitioner could not be treated as "seeking coram nobis relief because [petitioner] seeks to challenge a state court proceeding in federal court" and "[c]oram nobis lies only to challenge errors occurring in the same court"), rev'd on other grounds by 411 U.S. 345 (1973); Madigan v. Wells, 224 F.2d 577, 578 n.2 (9th Cir. 1955) (same). This Court has no jurisdiction to entertain a petition for writ of error coram nobis challenging a sentence imposed in state court. See Casas-Castrillon v. Warden, 265 F. App'x 639, 639 (9th Cir. 2008); Martinez v. Lockyer, 453 F. Supp.

---

[1] Petitioner, who is represented by counsel, has not explained whether he is in immigration custody. The Ninth Circuit has held that such custody is not sufficient to give rise to jurisdiction under § 2254. Resendiz v. Kovensky, 416 F.3d 952, 956-57 (9th Cir. 2005) (immigration detainee subject to deportation on basis of state conviction not in custody for purposes of § 2254 because deportation was only collateral consequence of conviction), abrogated on other grounds by Chaidez v. United States, 133 S. Ct. 1103, 1112 & n.14 (2013). But in Padilla v. Kentucky, 559 U.S. 356, 366 (2010), the Supreme Court noted that "deportation as a consequence of a criminal conviction" is "uniquely difficult to classify as either a direct or a collateral consequence." In any event, Padilla does not have retroactive effect. Chaidez, 133 S. Ct. at 1105.

2d 1150, 1152 (C.D. Cal. 2006) ("A federal court which did not impose the sentence has no jurisdiction to issue a writ of error coram nobis regardless of whether it is called coram nobis, habeas corpus, or some other type of relief." (citation omitted)). Matus-Leva v. United States, 287 F.3d 758, 760 (9th Cir. 2002), upon which Petitioner relies (see Pet. at 5), cannot help him because it concerns a petitioner challenging an underlying federal, not state, conviction.

    IT THEREFORE IS ORDERED that within 21 days of the date of this Order, Petitioner show cause in writing why this action should not be dismissed because the Court lacks jurisdiction to hear it. Petitioner is expressly warned that his failure to timely comply with this Order may result in the Petition being dismissed for the reasons stated above and for failure to prosecute.

DATED: September 15, 2015

JEAN ROSENBLUTH
U.S. MAGISTRATE JUDGE